IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-532-H

IN RE: BANNERMAN HOLDINGS, LLC, )
                                )
     Debtor.                    )
                                )
_____)          **ORDER**
                                )
                                )
SUNTRUST BANK,                  )
                                )
     Creditor-Appellant.        )


This matter is before the court on SunTrust Bank's motion to stay the bankruptcy court's order confirming a Chapter 11 plan of reorganization in In re Bannerman Holdings, LLC, No. 10-01053-8-SWH (Bankr. E.D.N.C.). A hearing was held on SunTrust's motion on November 29, 2010, at which the court heard arguments from counsel for SunTrust and the debtor, Bannerman Holdings, LLC. Following that hearing, the court temporarily stayed the bankruptcy court's order pending a court-hosted settlement conference to be conducted by United States Magistrate Judge David W. Daniel. On January 21, 2011, Judge Daniel informed the court that a settlement conference was held on December 7, 2010, and January 21, 2011, but the parties did not reach a settlement. The court must now decide whether to lift the stay

previously imposed or continue it in effect pending SunTrust's appeal of the bankruptcy court's order.[1]

Rule 8005 of the Bankruptcy Rules authorizes the district court to stay enforcement of a bankruptcy court order pending appeal. In determining whether to issue a stay, the court utilizes the hardship balancing test. Under this test, SunTrust must demonstrate (1) that it is likely to succeed on the merits of its appeal; (2) that it is likely to suffer irreparable harm absent a stay; (3) that other parties will not be substantially harmed by a stay; and (4) that the public interest will be served by staying the bankruptcy court's order. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). All four requirements must be met. Id.

SunTrust seeks to stay the bankruptcy court's order confirming a "partial dirt for debt" plan in which SunTrust's secured lien will be extinguished upon debtor's surrender of a portion of the collateral. The plan further contemplates that debtor will transfer a portion of the collateral to another creditor, McKinley Building, in satisfaction of its debt and that debtor will retain the remaining collateral for itself. SunTrust contends that a stay is necessary because debtor's

---

[1] SunTrust's appeal has been docketed separately as SunTrust Bank v. Bannerman Holdings, LLC, No. 7:11-CV-9-H (E.D.N.C. filed Jan. 11, 2011).

2

transfer of the property to McKinley Building will deprive SunTrust of the "indubitable equivalence" of its claim should SunTrust prevail on appeal.

The court has thoroughly reviewed the record in this matter, as well as the arguments of counsel. Based upon the evidence presented to the bankruptcy court at the confirmation hearing, the court finds that SunTrust has not demonstrated that it is likely to suffer irreparable harm absent a stay of the bankruptcy court's order. SunTrust's motion to stay [DE #1] is therefore DENIED.

SunTrust's appeal having been docketed as a separate action and no further proceedings being necessary in this case, the clerk is directed to close this action. SunTrust's motion to consolidate this action [DE #14] is DISMISSED as moot.

This 26th day of January 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31